IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES SWIFT, | ) | 4:14CV3185 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MEGAN LARMIE, and PAULETTE MERRELL, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on September 10, 2014. (Filing No. 1.) Plaintiff has been granted leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

## I.    SUMMARY OF COMPLAINT

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983, but did not advance any sort of legal theory. He alleged only that Defendants Megan Larmie and Paulette Merrell conspired to kidnap his infant son "even though baby [was] 72 hours old [and] plaintiff has not and could not have already neglected said child." (Filing No. 1 at CM/ECF p. 1.) Plaintiff seeks only monetary relief in this matter.

Plaintiff attached several documents to his Complaint. These documents reflect that Merrell is a deputy county attorney in Douglas County, Nebraska, and Larmie is a "Family Permanency Specialist" with Nebraska Families Collaborative. According to these documents, Merrell filed an ex-parte motion for temporary custody of Baby Boy Swift-Hill on September 5, 2014, which was granted by the juvenile court on that same date. In addition, a hearing was set for September 17, 2014, to determine whether custody should remain with the state. (*Id.* at CM/ECF p. 12.) The juvenile court's order

set forth, among other things, that Charles Swift had failed to provide proper parental care for Baby Boy Swift Hill. (*Id.* at CM/ECF p. 10.)

Also on September 5, 2014, Larmie signed an affidavit that set forth, among other things, that Baby Boy Swift-Hill was born on September 4, 2014, at which time he tested positive for PCP. (*Id.* at CM/ECF p. 13.) The affidavit also set forth Larmie's belief that Charles Swift and his wife "have engaged in a domestic violent relationship and continue to live in an unsafe environment." (*Id.* at CM/ECF p. 5.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). A pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, fails to state a claim upon which relief can be granted. Plaintiff has sued Paulette Merrell and Megan Larmie. He failed to set forth what conduct either Defendant engaged in except to state they conspired to kidnap his infant son "even though baby [was] 72 hours old [and] plaintiff has not and could not have already neglected said child." (Filing No. 1 at CM/ECF p. 1.)

To the extent Plaintiff's claims against Merrell rely solely upon her actions in filing a motion for temporary custody of Plaintiff's infant in the juvenile court, Merrell is entitled to absolute immunity from liability. Prosecutors are entitled to absolute immunity from liability under 42 U.S.C. § 1983 when they are "performing the traditional functions of an advocate" for the State. *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). The immunity applies to "actions that are connected with the prosecutor's role in judicial proceedings[.]" *Burns v. Reed*, 500 U.S. 478, 494 (1991). Prosecutorial conduct that qualifies for immunity protection also includes conduct in "prepar[ing] to initiate a judicial proceeding [.]" *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citing *Burns*, 500 U.S. at 492). Here, Plaintiff alleges no facts against Merrell that would fall outside of her duties in initiating and pursuing a judicial proceeding.

With respect to Plaintiff's claims against Larmie, Plaintiff does not allege that she is a state actor. Even assuming that Larmie is a state actor, Plaintiff does not allege any facts suggesting a violation of his constitutional rights. Indeed, the documents attached to his Complaint reflect that he received actual notice of a hearing to determine whether custody of his child should remain with the State of Nebraska. *See Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405-406 (8th Cir. 2012) ("The Due Process Clause provides that no State shall . . . deprive any person of life, liberty, or property, without due process of law . . . . Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.") (internal citations and quotation marks omitted); *see also Whisman Through Whisman v.*

*Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997) ("Parents have a recognized liberty interest in the care, custody, and management of their children. . . . That liberty interest is limited by the compelling governmental interest in protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves.") (internal quotation marks omitted).

Moreover, it is clear from Plaintiff's allegations and filings that his son's care and custody is the subject of a juvenile court case in the Douglas County Juvenile Court. (Filing No. 1 at CM/ECF pp. 3-13.) He has given no indication that any challenges he may have to these proceedings cannot receive a full and fair determination in state court.

On the court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a claim upon which relief can be granted. Failure to file an amended complaint or failure to sufficiently amend the claims will result in dismissal of this action without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that states a claim upon which relief can be granted.

2. The clerk's office is directed to set the following pro se case management deadline: January 16, 2015: check for amended complaint.

4

DATED this 12th day of December, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.